# In the United States Court of Federal Claims

No. 23-810
Filed: June 21, 2023

| | |
|---|---|
| **AMANDA DICRESCENZO** | |
| *Plaintiff*, | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

Pro se Plaintiff, Amanda DiCrescenzo, ("Ms. DiCrescenzo"), seeks $10 million in damages for alleged due process violations by the Massachusetts Probate and Family Court.[1] (Compl. at 1, 3; ECF No. 1). Ms. DiCrescenzo also moved to proceed *in forma pauperis* ("IFP"). (ECF No. 4). The Court grants Ms. DiCrescenzo's IFP application but dismisses her claim for lack of subject-matter jurisdiction.

Determining the Court's jurisdiction over a claim is a threshold inquiry. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Court of Federal Claims possesses jurisdiction over alleged violations by the United States that mandate payment of money damages by the Federal Government. 28 U.S.C. § 1491(a)(1). The Tucker Act establishes this Court's jurisdiction by waiving sovereign immunity for claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the United States; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money by the United States. 28 U.S.C. § 1491(a). Pro se plaintiffs are generally held to "less stringent standards" than those of attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). This leniency, however, is not extended jurisdiction. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). If the Court determines "at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." RCFC 12(h)(3).

Ms. DiCrescenzo alleges the probate and family court judge denied her due process rights during a custody agreement review hearing. (Compl. Ex. at 1–4, ECF No. 1-3). Ms. DiCrescenzo

---

[1] To identify the underlying court, this Court conducted a search of Ms. DiCrescenzo's name on the Public Access to Court Electronic Records ("PACER") system where the Salem Massachusetts Probate and Family Court is a defendant in pending litigation filed on June 5, 2023. *DiCrescenzo v. Salem Mass. Prob. & Fam. Ct.*, Case No. 23-cv-11268 (Mass. Dist. Ct.).

provides a list of alleged grievances, including that she was denied the opportunity to call and cross-examine witnesses, prevented from producing "over [fifty] pieces of evidence[,]" denied the opportunity to be represented by counsel, and not informed of her right to appeal. (*Id.*). The Court reads Ms. DiCrescenzo's allegations liberally to implicate the Due Process Clause of the Fourteenth Amendment. *See Haines*, 404 U.S. at 520–21 (applying a "less stringent standard" to pro se pleadings). However, the Fourteenth Amendment is not money-mandating. *Hawkins v. United States*, 748 F. App'x 325, 326 (Fed. Cir. 2019) ("[T]he Due Process . . . Clause[] of the Fourteenth Amendment [is] not [a] source[] of substantive law that create[s] the right to money damages, i.e., [is] not money-mandating."). Therefore, this Court lacks subject-matter jurisdiction over Ms. DiCrescenzo's due process claim.

Ms. DiCrescenzo's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 4), is **GRANTED**. For the stated reasons, Ms. DiCrescenzo's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3). The Clerk **SHALL** enter judgment accordingly.

IT IS SO ORDERED.



*David A. Tapp*
DAVID A. TAPP, *Judge*